IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ELOISE ARMSTRONG )
) No. 1-04-0047
v. )
)
THE STANDARD FIRE INSURANCE )
COMPANY )

O R D E R

Pending before the Court is the defendant's motion for in camera review (Docket Entry No. 16). The motion is GRANTED to the extent the Court has conducted an in camera review of the claim file notes.

The unredacted version of the notes submitted with the motion shall be maintained UNDER SEAL.

The motion is GRANTED in part and DENIED in part to the extent that the defendant seeks a protective order to protect it from disclosure of an unredacted version of the claim file notes.

The defendant asserts attorney client privilege as to the redacted portions of the claim notes, Rules 501 and 601 of the Federal Rules of Evidence[1] and T.C.A. § 23-3-105, which essentially codifies the attorney-client privilege.

The plaintiff responds to the motion by agreeing that the Court should conduct an in camera review and by specially questioning whether the notations generated prior to May 11, 2004, when the defendant received notice of this lawsuit, are protected by attorney client privilege.

---

[1] It is not clear how Rule 601, addressing the competency of witnesses, applies.

The elements of attorney-client privilege are as follows: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) unless the protection is waived." Reed v. Baxter, 134 F.3d 351, 355 (6th Cir.), cert denied, 525 U.S. 820, 119 S.Ct. 61, 142 L.Ed.2d 48 (1998). See also Upjohn Co. v. United States, 449 U.S. 383, 390, 101 S.Ct. 677, 66 L.Ed.2d 584 (1998); Fausek v. White, 965 F.2d 126, 129 (6th Cir. 1992).[2] The privilege attaches to communications made by the attorney to the client, as well as communications from the client to the attorney, if such communications are based on communications from the client and for the purpose of providing legal advice. Bryan v. State, 848 S.W.2d 72, 79-80 (Tenn. Crim. Ct. App. 1992) ("the purpose of the privilege is to shelter the confidence a client shares with his or her attorney when

---

[2] Federal courts must determine issues of attorney-client privilege according to federal common law when the court has federal question jurisdiction. See Reed v. Baxter, 134 F.3d at 355; In re Columbia/HCA Healthcare Corp., 192 F.R.D. 575, 577 (M.D. Tenn. 2000); Rule 501 of the Federal Rules of Evidence. Cf. Humphreys, Hutcheson & Moseley v. Donovan, 568 F. Supp. 161 174-75 (M.D. Tenn. 1983), aff'd 755 F.2d 1211 (6th Cir. 1985). However, if the jurisdiction of the federal court is based on diversity, the state law regarding attorney-client privilege applies. See, e.g., Taylor v. Temple & Cutter, 192 F.R.D. 552, 559 (E.D. Mich. 1999); Royal Surplus Lines Ins. Co. v. Sofamor Danek Group, Inc., 190 F.R.D. 463, 481 (W.D. Tenn. 1998). See also Rule 501 of the Federal Rules of Evidence, which provides that "with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law." The Advisory Committee comments provide that "in all instances where State privilege law is to be applied, e.g., on proof of a State issue in a diversity case, a close reading [of Rule 501] reveals that State privilege law is not to be applied unless the matter to be proved is an element of the state claim or defense, as distinguished from a step along the way in the proof to it." Similarly, "[i]f the matter in question constitutes an element of a claim, State law supplies the privilege rule; whereas if it is a mere item of proof with respect to a claim, then, even though State law might supply the rule of decision, Federal law on the privilege would apply." Finally, the committee comments note that "in diversity cases where the litigation in question turns on a substantive question of State law . . . State rules of privilege should apply unless the proof is directed at a claim or defense for which Federal law supplies the rule of decision (a situation which would not commonly arise.)"

seeking legal advice, in the interest of protecting a relationship that is a mainstay of our system of justice"). The Tennessee Court of Criminal Appeals reiterated the policy underlying the attorney-client privilege as follows:

> Sound public policy seems to have required the establishment of the rule that facts communicated by a client to his counsel are under the seal of confidence, and cannot be disclosed in proof. It is a rule of protection to the client, more than a privilege to the attorney. The latter is not allowed, if he would, to break this [s]eal of secrecy and confidence. It is supposed to be necessary to the administration of justice, and the prosecution and defense of rights, that the communications between client and their attorneys should be free and unembarrassed by any apprehensions of disclosure, or betrayal. The object of the rule is, that the professional intercourse between attorney and client should be protected by profound secrecy.

Bryan, 848 S.W.2d at 79, quoting McMannus v. State, 39 Tenn. 213, 215-16 (1858).[3] As the Sixth Circuit has explained, the privilege is based on two related principles that (1) "loyalty forms an intrinsic part of the relationship between a lawyer and client in our adversary system [and that] loyalty is offended if the lawyer is subject to routine examination regarding the client's confidential disclosures," and that (2) the attorney client privilege "encourages clients to make full disclosure to their lawyers [since a] fully informed lawyer can more effectively serve his client and promote the administration of justice." Reed, 134 F.3d at 356.

However, the attorney-client privilege is not unlimited and does not extend to a lawyer's communications to his client that contain advice solely based on public information rather than confidential information, see Bryan, 848 S.W.2d at 80; Burke v. Tennessee Walking Horse Breeders' & Exhibitors' Assoc., 1997 WL 277999 *11 (Tenn. Ct. App. May 28, 1977); Congoleum Indus., Inc.

---

[3] T.C.A. § 23-3-105 provides:
> Privileged communications. -- No attorney . . . shall be permitted, in giving testimony against a client . . . to disclose any communication made to the attorney . . . as such by such person, during the pendency of the suit, before or afterwards, to the person's injury.

3

v. G A F Corp., 49 F.R.D. 82, 85-86 (E.D. Pa. 1969), aff'd 478 F.2d 1398 (3rd Cir. 1973), or to advice rendered that does not relate to client confidentiality or was not made in the context of the confidential attorney-client relationship or with the intention of confidentiality, see United States v. Gray, 876 F.2d 1411, 1415 (9th Cir. 1989); Burke, supra; Bryan, supra, or to general legal advice not based on any facts provided by the client, see Burke, supra; Bryan, supra, or to communications outside the subject matter of the legal representation. See Boyd v. Comdata Network, Inc., 2002 WL 772803 *4 (Tenn. Ct. App. Apr. 30, 2002). See also Humphreys, Hutcheson & Moseley v. Donovan, 568 F. Supp. 161, 175 (M.D. Tenn. 1983).

Further, the privilege is narrowly construed because "it reduces the amount of information discoverable during the course of a lawsuit." In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 294 (6th Cir. 2002); In re Grand Jury Proceedings October 12, 1995, 78 F.3d 251, 254 (6th Cir. 1996). Thus, the burden of establishing the privilege is on the party or person asserting the privilege. United States v. Dakota, 197 F.3d 821, 825 (6th Cir. 1999), quoting In re Grand Jury Investigation No. 83-2-35, 723 F.2d 447, 450 (6th Cir. 1983); Columbia/HCA Healthcare, supra.; Bryan v. State, 848 S.W.2d at 80.

The plaintiff appears to suggest that communications prior to the initiation of a lawsuit are not privileged. While the question of whether documents generated prior to the initiation of litigation were prepared in anticipation of litigation is relevant to a determination of work product protection, the timing of communications between attorney and client is less relevant to a consideration of attorney-client privilege. The defendant has not asserted work product protection and has asserted only attorney-client privilege.

4

Neither party has provided any law, argument, or other grounds for or against the invocation of the attorney client privilege as to the redacted portions of the notes, and the defendant did not file a memorandum in support of its motion in compliance with Local Rule 8(b)(2).

However, the Court has reviewed the redactions to determine which redacted portions are subject to the attorney-client privilege, i.e., whether they contain confidences of the defendant and were for the purpose of providing or obtaining legal advice from defendant's counsel. Many of the entries do not include any confidential information and, in fact, provide little or nothing more than would be provided in a privilege log under Rule 26(b)(5) of the Federal Rules of Civil Procedure. The fact that information was transmitted to or from an attorney does not automatically clothe the <u>fact</u> of the communication in attorney-client privilege, especially when it appears that such communications may be made in the normal course of adjusting (or at least denying a claim), although the communications themselves may be privileged. In addition, the notations of the adjustor about the litigation status are not protected by attorney-client privilege when there is no indication that there was any consultation with counsel. Therefore, the defendant shall provide to the plaintiff a revised, redacted version of the claim file notes, with the following items unredacted:

1. First entry on 10/22/2003.

2. Second entry on 10-29-2003, except the last sentence may remain redacted.

3. 1/28/2004 entry.

4. First entry on 5/20/2004.

5. 6/29/2004 entry, except that the last two sentences may remain redacted.

6. 7/29/2004 entry, except amount may be redacted.

7. 8/2/2004 entry.

5

8. 9/2/2004 entry.

9. 9/11/2004 entry, except amount may be redacted.

10. 10/2/2004 entry.[4]

Except as provided above, the defendant shall not be required to provide any additional unredacted portions of the claim notes.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[4] The Court has not considered whether any of the entries after May 21, 2004, would be protected from disclosure under the work product doctrine, or whether the information is relevant under Rule 26(b)(1) of the Federal Rules of Civil Procedure, since the defendant did not raise those issues.